UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br>v.<br>**JOSE DEL ROSARIO MENDOZA MORENO**,<br>Defendant. | Case No. 12-cr-00197-YGR-3<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>Re: Dkt. No. 81 |

On October 21, 2015, defendant Jose Del Rosario Mendoza Moreno filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 81.) On January 27, 2016, the Federal Public Defender filed a Notice of Non-Intervention. (Dkt. No. 82.) On March 31, 2016, the probation office filed an amended sentence reduction investigation report concluding the defendant is not entitled to a reduction. (Dkt. No. 84.)

Having read and carefully considered the papers submitted, and for the reasons explained below, the Court **DENIES** defendant's motion.

"Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810-11 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotations and citation omitted) (emphasis in original).

The defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses). The U.S. Sentencing Commission provided a November 1, 2014 effective date for the amendment, which was issued on July 18, 2014. U.S. Sentencing Commission Guidelines ("USSG") § 1B1.10(a)(1) provides that a

defendant's sentence may be reduced where the applicable guideline range has been lowered as a result of an amendment.

The Court has reviewed the defendant's motion, the sentence reduction investigation report, and the underlying case file. On February 28, 2013, the Court sentenced the defendant to a term of imprisonment of 60 months for violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii) based in substantial part on the application of the statutory safety valve, 18 U.S.C. § 3553(f). This sentence constituted a substantial downward variance from the applicable guideline range. At the time of sentencing, the defendant's Total Offense Level was 34 and his Criminal History Category was I, resulting in a guideline range of 151 to 188 months.

Pursuant to USSG § 1B1.10, "18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." *See United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) (noting this provision "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range, except in the case of a defendant who originally received a below-guidelines sentence based on substantial assistance to the government.").

Here, even with a downward adjustment to an Offense Level of 32, the resulting guideline range of 121 to 151 months by virtue of Amendment 782 remains higher than the sentence. As no legal basis supports the defendant's request for a sentencing reduction, the motion is **DENIED**.

This Order terminates Docket Number 81.

**IT IS SO ORDERED.**

Dated: April 4, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**